IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 17-cr-248-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ANTHONY LEE LOERA

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION REQUESTING A
RECOMMENDATION CONCERNING LENGTH
OF RRC / HALFWAY HOUSE PLACEMENT

---

This matter is before the Court on Defendant Anthony Lee Loera's Motion Requesting a Judicial Recommendation Concerning Length of RRC / Halfway House Placement (ECF No. 170). For the reasons set forth below, the Motion is denied.

I. BACKGROUND

In November 2018, pursuant to a guilty plea, Defendant was convicted of unlawfully possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1) (Counts 1 and 2), and possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count 3). (ECF No. 140.) The Court sentenced Defendant to a term of imprisonment of 65 months on each count, with each term to run concurrently. (*Id.*)

On May 15, 2020, Defendant filed the instant Motion. Defendant asks the Court to make a recommendation to the U.S. Bureau of Prisons ("BOP") that he be placed in a Residential Reentry Center ("RRC," *i.e.*, a halfway house) 12 months prior to his

scheduled release date of June 14, 2022.  The Government filed a Response on June 1, 2020.  (ECF No. 173.)

## II.  ANALYSIS

Defendant's request is based on the Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 692, which provides in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Defendant asserts that, while incarcerated, he has taken steps to prepare himself for re-entry into the community and to address personal issues that led him to incarceration.  The record supports that assertion.  (*See* ECF No. 170 at 20–28.)  However, the Court believes BOP to be much better suited to determine in the first instance whether (and when) Defendant should be placed in a RRC.  Accordingly, Defendant's Motion will be denied.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC / Halfway House Placement (ECF No. 170) is DENIED.

Dated this 22nd day of June, 2020.

BY THE COURT:

William J. Martinez
United States District Judge